IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUSAN SHOEMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 08 cv 14   SLR |
| | ) | |
| CHELCIE McCONNELL and | ) | Jury Trial Demanded |
| STACEY McCONNELL, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants Chelcie McConnell and Stacey McConnell hereby submit the following in support of their motion to dismiss for lack of personal jurisdiction:

1.  Pursuant to the Local Rule 7.1.2(b) of Civil Practice and Procedure of the United States District Court for the District of Delaware, Plaintiff's Response was untimely filed.

2.  Plaintiff, in her opposition, argues that Defendants Chelcie McConnell and Stacey McConnell are unable to show that defending this lawsuit in Delaware presents to them an overwhelming hardship and, as such, asserts that Delaware is the proper forum for this lawsuit. To support this position, Plaintiff cites to the case of Ison v. DuPont, 779 A.2d 832 (Del. 1999). The issue before the Court, however, is a motion to dismiss on the basis of the Court's lack of personal jurisdiction over the McConnells. An inquiry into whether the McConnells would endure an overwhelming hardship in defending this case in Delaware is an inquiry applied in the context of a motion to dismiss on the grounds of *forum non conveniens* (as demonstrated in Ison). Whether this Court may exercise personal jurisdiction over the McConnells is a separate legal evaluation and, as such, Plaintiff's overwhelming hardship argument is inapplicable at this time.

3. Plaintiff also argues that because the McConnells' entered into an insurance contract with an insurance company that does business in Delaware, such a relationship constitutes sufficient contact with Delaware for this Court to exercise jurisdiction over the McConnells. To support this proposition, Plaintiff likens the present facts to those found in the Delaware Superior Court case of Boone v. Partek, 724 A.2d 1150 (Del. Super. 1997). The Court in Boone evaluated whether an asbestos manufacturing business, "Partek", located in Finland could be sued in Delaware when Partek contracted with another company that sold their asbestos in Delaware. In Boone, the Court analyzed whether Delaware's long-arm statute acted to confer the Court's jurisdiction over Partek. The Court concluded that because Partek, through its distributor, sold asbestos in Delaware, Delaware could maintain jurisdiction over Partek.

4. There are many significant differences between the facts before the Court and the facts in Boone. Most importantly, the McConnells are private individuals that do not distribute products in Delaware (or anywhere for that matter) nor do they contract with their insurance company to distribute products in Delaware. In addition, the relationship between Partek and its distributor is much different from the relationship between the McConnells and their automobile insurance company. In Boone, the distributor for Partek acted on Partek's direction and on their behalf in Delaware. The McConnells' insurance company, however, does not conduct business in Delaware on behalf and/or on the direction of the McConnells. As a result, the facts and law in Boone cannot be logically applied to the case presently before the Court.

5. Pursuant to the long-arm statute of 10 Del. C. §3104, *in personam* jurisdiction is divided into two concepts: specific or general jurisdiction. Should a court find that there exists general or specific jurisdiction over an entity or person, there must then be an evaluation of whether such personal jurisdiction violates the Due Process Clause as set forth in the Fourteenth

Amendment of the U.S. Constitution. Such a due process analysis is based upon whether the party had sufficient "minimum contacts" with the forum so that jurisdiction by that forum "does not offend traditional notions of fair play and substantial justice". Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945). Moreover, such contact should be such that the subject party "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 294, 297 (1980).

6. The Delaware long-arm statute provides that Delaware may have jurisdiction over a non-resident if the non-resident (or the non-resident's agent acting on behalf of the non-resident) a) contracts to supply services or things to Delaware, b) causes tortious injury in Delaware by act or omission, or c) causes tortious injury in Delaware or outside Delaware by an act or omission outside of Delaware if the person regularly does or solicits business, engages in any other persistent course of conduct in Delaware or derives substantial revenue from services, or other things used or consumed in Delaware. Neither the McConnells nor their insurance carrier, acting on the behalf of the McConnells, have taken these actions. Although their insurance company may conduct business in Delaware, such work is not done on behalf of or upon the directive of the McConnells. As a result, the insurance company's business within Delaware is unrelated and not attributable to the actions of the McConnells.

7. Moreover, asserting personal jurisdiction over the McConnells would violate the Due Process Clause of the Fourteenth Amendment. The McConnells do not have sufficient contact with Delaware. They do not reside in Delaware nor transact business in Delaware. The accident at issue did not occur in Delaware. As such, the McConnells would have no reason to anticipate being haled into court in Delaware.

WHEREFORE, for the reasons discussed above, defendants Chelcie McConnell and Stacey McConnell respectfully request that the instant motion to dismiss be granted.

Respectfully submitted,

*/s/ Sarah C. Brannan*
STEPHEN P. CASARINO, ESQ.
Delaware Bar I.D. No. 174
Scasarino@casarino.com
SARAH C. BRANNAN, ESQ.
Delaware Bar I.D. No. 4685
Sbrannan@casarino.com
800 N. King Street, Suite 200
Wilmington, DE 19899-1276
(302) 594-4500
Attorneys for the Defendants

May 5, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUSAN SHOEMAKER, | ) |
| Plaintiff, | ) |
| v. | ) No.: 08 cv 14  SLR |
| CHELCIE McCONNELL and STACEY McCONNELL, | ) Jury Trial Demanded |
| Defendants. | ) |

### **ORDER**

AND NOW, this _____ day of _____, 2008, the Court having heard and considered Defendants' Motion and Response, IT IS HEREBY ORDERED that the above captioned case is DISMISSED with prejudice.

_____
Judge

CERTIFICATE OF SERVICE

I, SARAH C. BRANNAN, hereby certify that I have caused to be filed electronically and deposited in the U.S. Mail, postage prepaid, this   5th   day of May, 2008 a true and correct copy of Defendants' Response to Plaintiff's Reply to Defendant's Motion to Dismiss, addressed to:

Vincent J. X. Hedrick, II, Esq.
Beverly L. Bove, Attorney at Law
1020 W. 18th Street, Suite 2
P.O. Box 1607
Wilmington, DE 19899-1607

       */s/ Sarah C. Brannan*
SARAH C. BRANNAN, ESQ. (ID No. 4685)
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-2376
(302) 594-4500
Attorney for Defendants