IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUSAN SHOEMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 08-014-SLR | |
| | ) | |
| CHELCIE MCCONNELL and | ) | |
| STACEY MCCONNELL, | ) | |
| | ) | |
| Defendants. | ) | |

Beverly L. Bove, Esq. & Vincent J. X. Hedrick, II, Esq., Wilmington, Delaware. Counsel for Plaintiff.

Stephen P. Casarino, Esq. & Sarah C. Brannan, Esq., of Casarino, Christman Shalk Ransom & Doss, LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: June 2, 2008
Wilmington, Delaware

*[signature]*
ROBINSON, District Judge

## I. INTRODUCTION

On January 8, 2007, plaintiff Susan Shoemaker ("plaintiff") filed this suit against defendants Chelcie and Stacey McConnell (collectively, "defendants") alleging personal injuries resulting from an automobile accident that occurred on or about March 30, 2006. (D.I. 1 at ¶ 1) Plaintiff asserts that the negligent driving of defendant Chelcie McConnell proximately caused the accident. Plaintiff also alleges that defendant Stacey McConnell negligently entrusted her vehicle to Chelcie when she knew or should have known that Chelcie was not a responsible driver. (Id. at ¶¶ 10, 13) On March 18, 2008, defendants moved for dismissal based on lack of personal jurisdiction. (D.I. 9) For the reasons that follow, defendants' motion to dismiss is granted.

## II. BACKGROUND[1]

Plaintiff, a citizen of the State of Delaware, resides in Wilmington. (D.I. 1 at ¶ 4) Defendants are citizens of the State of Ohio and reside in Hebron. (Id. at ¶ 5)

On or about March 30, 2006, plaintiff was operating a vehicle in Ohio.[2] Chelcie McConnell was operating a vehicle, owned by Stacey McConnell, directly behind plaintiff. (Id. at ¶¶ 6-7, 12) Defendant Chelcie McConnell crashed into plaintiff's vehicle, causing serious injuries to plaintiff. (Id. at ¶¶ 8, 15-16)

Defendants are insured through a liability policy with State Farm Mutual

---

[1] For purposes of this motion only, the facts alleged in the amended complaint are taken as true. See Christ v. Cormick, Civ. No. 06-275, 2007 WL 2022053, at *1 (D. Del. July 10, 2007).

[2] Plaintiff does not address where the accident took place. (D.I. 1) In their motion to dismiss, defendants claim that the accident took place in Ohio. (D.I. 9 at ¶ 2) This was uncontested by plaintiff in her response to the motion to dismiss. (D.I. 14)

Automobile Insurance Company ("State Farm"), who is licensed to do business in the State of Delaware. State Farm hires counsel to defend its insureds who are responsible for causing injuries to Delaware residents. (D.I. 14 at ¶¶ 6-8)

## III. STANDARD OF REVIEW

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. Traynor v. Liu, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, the plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. See Time Share Vacation Club, 735 F.2d at 66; Reach & Assoc. P.C. v. Dencer, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long arm statute. See id. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's

right to due process.  See id.; see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Under the Due Process Clause, a defendant is subject to the jurisdiction of the federal judiciary only when the defendant's conduct is such that it should "reasonably anticipate being haled into court there." See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Personal jurisdiction over a nonresident defendant is proper when either specific or general jurisdiction exists.  See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 211 (3d Cir. 1984).  "Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'"  BP Chems. Ltd. v. Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).  General jurisdiction exists when the defendant's contacts with the forum are "continuous and systematic," whether or not the contacts relate to the litigation.  See id. (quoting Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984)).

**IV. DISCUSSION**

Defendants move for dismissal due to lack of personal jurisdiction.  Defendants claim that they lack the minimum contacts required for the assertion of personal jurisdiction over them by this court.  They allege that they have had no contacts with Delaware as a general matter or as specifically related to the accident.  (D.I. 9 at ¶¶ 4-6)  Defendants further argue that the contacts in this case are not sufficient to fulfill the statutory or constitutional requirements for personal jurisdiction.  (D.I. 16 at ¶¶ 6-7)  Plaintiff argues that defendants' liability policy with State Farm constitutes sufficient

contacts for the court to exercise jurisdiction because defendants entered into a contract with an insurance company that is licensed to do business in Delaware.[3] (D.I. 14 at ¶ 9)

The determination of personal jurisdiction requires a two-part analysis. It must be determined if Delaware's long arm statute confers jurisdiction and, if it does, whether the assertion of personal jurisdiction complies with due process. Delaware's long arm statute provides, in relevant part, that personal jurisdiction is proper over any nonresident who, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in the State; . . . [or] (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C. § 310(c). Subsections (1) and (2) grant specific jurisdiction. Boone v. Oy Partek Ab, 724 A.2d 1150, 1155 (Del. Super. 1997). Specific jurisdiction requires that the cause of action arise from the defendant's conduct in the forum state. See Provident Nat'l Bank, 819 F.2d at 437. Defendants' only contact with Delaware comes

---

[3] Plaintiff appears to argue that this is also the appropriate forum for the resolution of her claim. (D.I. 14 at ¶¶ 3, 5 (alleging that defendants cannot show "overwhelming hardship" and all witnesses regarding medical treatment are "located in Delaware")) Plaintiff relies on Ison v. E.I. DuPont de Nemours and Co., Inc., 729 A.2d 832 (Del. Supr. 1999) and Travelers v. Lake, 594 A.2d 38 (Del. 1991); however, these cases address venue (forum non-conveniens) and choice of law questions respectively. Personal jurisdiction is a related, but distinct concept. U.S. ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir. 1969). Jurisdiction is the authority to hear and determine a case, while venue is an issue of convenience. Id. Similarly, choice of law matters are not an issue of jurisdiction. See Hanson v. Denckla, 357 U.S. 235, 254 (U.S. 1958) (stating that the "issue is personal jurisdiction, not choice of law"). Therefore, the cases plaintiff cites are improperly applied in this context and do not relate to the current motion.

from their liability insurance policy with State Farm; the automobile accident occurred in Ohio, not Delaware. Specific jurisdiction does not exist in this case because the accident occurred outside of the forum state. See Kee v. Blue Line Distributing, Inc., Civ. No. 07-460, 2008 WL 1805808, at *2 (D. Del. Apr. 18, 2008). Therefore, the court will only consider jurisdiction under a general jurisdiction analysis.

In contrast to subsections (c)(1) and (c)(2), subsection (c)(4) confers general jurisdiction, which requires that the defendant or its agents be "generally present" in the forum state whether or not the tortious acts and injury occurred inside Delaware. See Reach & Assocs v. Dencer, 269 F. Supp. 2d 497, 505 (D. Del. 2003). General jurisdiction may be applied when a defendant's contacts with the forum state are "continuous and substantial." Kloth v. Southern Christian Univ., 494 F. Supp. 273, 290 (D. Del. 2007).

The possession of an insurance policy is not sufficient to satisfy the requirements for general jurisdiction under subsection (c)(4). Subsection (c)(4) requires that a defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4). Plaintiffs analogize the facts of the case at bar to Boone but, as defendants accurately point out, Boone is distinguishable from this case in that defendants at bar do not distribute products in Delaware, nor do they contract with their insurance company to distribute products or otherwise conduct business here. 724 A.2d at 1153; (D.I. 16 at ¶ 4) Under subsection (c)(4), a defendant should show an "intent and purpose to serve the Delaware market." Boone, 724 A.2d at 1158. While State Farm does serve the Delaware market,

5

defendants do not and the exercise of jurisdiction under subsection (c)(4) would be improper.

Even if the Delaware long arm statute did confer personal jurisdiction over defendants, the exercise of that jurisdiction would not comport with due process. The United States Supreme Court has held that it is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum state." Hanson, 357 U.S. at 253 (citations omitted). In a case similar to the case at bar, the Supreme Court held that when an individual has an automobile insurance policy and the insurance company does business in another state, the policyholder does not subject himself to personal jurisdiction in that state absent other grounds.[4] Rush, 444 U.S. at 327-329. The Supreme Court further stated that the policyholder has "no control over that decision" and it is unlikely that he or she would anticipate being subjected to a suit in any forum in which the company does business. Id. at 329. In a situation such as this, the exercise of jurisdiction is not "fair, just, or reasonable." See id. (citations omitted).

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (D.I. 9) is granted. An appropriate order shall issue.

---

[4] The Court found that the only "affiliating circumstance offered to show a relationship" among defendant, forum state, and the lawsuit was that defendant's "insurance company [did] business in the forum State." Rush v. Savchuk, 444 U.S. 320, 328 (1980).